THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



February 24, 1958

Mr. H. C. Pittman
Chairman
Industrial Accident Board
Austin, Texas

Opinion No. WW-378

Re: Whether funds provided
in the Workmen's Compen-
sation Fund, as created
by House Bill No. 433,
Chapter 397, Regular Ses-
sion, 55th Legislature
(Article 8306, Section 28)
have been appropriated
for the use of the Indus-

Dear Mr. Pittman:              trial Accident Board.

You have asked our opinion on whether funds pro-
vided in the Workmen's Compensation Fund, as created by
House Bill 433, Chapter 397, Regular Session of 55th Legis-
lature, 1957, (Art. 8306, Sec. 28, V. C. S.) have been ap-
propriated for the use of the Industrial Accident Board.

Such section reads:

"Section 28. There is hereby established
as a special fund, separate and apart from all
public moneys or funds of this State, a Workmen's
Compensation Fund which shall be used by the
board for the purpose of paying costs of the ad-
ministration of the law, in addition to amounts
appropriated by the Legislature of the State of
Texas. The State Treasurer shall be the treasurer
and custodian of the fund. He shall administer
such fund in accordance with the directions of the
board, and the Comptroller shall issue warrants
upon it in accordance with the directions of the
board. In addition to all other taxes now being
paid, each stock company, mutual company, re-
ciprocal, or inter-insurance exchange or Lloyds
Association writing Workmen's Compensation insur-
ance in this State, shall pay annually into the
State Treasury, for the use and benefit of the
Workmen's Compensation Fund, an amount equal to
one-fourth (1/4) of one per cent (1%) of gross

> premiums collected by such company or
> association during the preceding year
> under workmen's compensation policies
> written by such companies or associations
> covering risks in this State according
> to the reports made to the Board of Insur-
> ance Commissioners as required by law.
> Said amount shall be collected at the same
> time and in the same manner as provided by
> law for the collection of taxes on gross
> premiums of such workmen's compensation
> insurance carriers. Failure to make any
> report required by this Section shall be
> punishable by fine not to exceed One Thou-
> sand Dollars ($1,000) and the failure to
> pay any tax within thirty (30) days after
> same is due under this Section shall be
> punishable by a penalty of ten per cent (10%)
> of the amount, and shall be recovered by the
> Attorney General in a suit brought by him in
> the name of the State of Texas and such
> penalties when collected shall be deposited
> in the State Treasury for the use and benefit
> of the Workmen's Compensation Fund."

Section 6, Article VIII, Constitution of Texas, provides in part as follows:

> "No money shall be drawn from the
> Treasury but in pursuance of specific ap-
> propriations made by law; . . ."

Section 49a, Article III, Constitution of Texas, provides in part as follows:

> ". . . From and after January 1, 1945,
> no bill containing an appropriation shall be
> considered as passed or be sent to the Governor
> for consideration until and unless the Comptrol-
> ler of Public Accounts endorses his certificate
> thereon, showing that the amount appropriated is
> within the amount estimated to be available in
> the effected fund. . . ."

On May 27, 1957, the Comptroller of Public Accounts certified that the amount appropriated by House Bill 433, Chapter 397, Regular Session, 55th Legislature, was within the amount estimated to be available in the effected funds pursuant to Section 49a, Article III, Texas Constitution.

General legislation may contain an appropriation which is merely incidental to and necessary to carry out the subject and purpose of the general law. Attorney General's Opinion No. WW-96, (1957).

Attorney General's Opinion WW-96, (1957) reaffirms that we should be governed by the ordinarily accepted meaning of the Appropriation Bill and quotes as an accepted definition the following:

"A setting apart from the public revenue of a certain sum of money for a specific object in such a manner that the executive officers of the government are authorized to use that money and no more for that object and for no other."

The section of the Act in question: (1) sets apart from the public moneys or funds of this State a specific fund of money; (2) specifies the source of such funds; (3) establishes the use and purpose to which said fund shall be put; (4) provides for the administration of such fund by the appropriate executive officers of this State; (5) instructs the Comptroller to issue warrants upon such fund in accordance with the directions of the Industrial Accident Board. It is clear the Legislature intended to appropriate the funds in question for the specified purposes, and did set apart from the public revenue a certain sum of money for a specific object in such a manner that the Executive officers of the government are authorized to use that money and no more for that object and for no other.

It is our opinion, and we so advise you, that House Bill 433, Chapter 397, Regular Session, 55th Legislature (Art. 8306, Sec. 28, V.C.S.) appropriates funds there provided for the designated use of the Industrial Accident Board.

## SUMMARY

Funds provided in the Workmen's Compensation Fund, as created by House Bill 433, Chapter 397, Regular Session, 55th Legislature, 1957, (Art. 8306, Sec. 28, V.C.S.)

have been appropriated for
the use of the Industrial
Accident Board.

Yours truly,

WILL WILSON
Attorney General of Texas

By John Reeves
Assistant

By Tom I. McFarling
Assistant

TIM:JR:wam;mg

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Cecil C. Rotsch
Jack Goodman
Houghton Brownlee, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By:
W. V. Geppert